

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00418-CV

———————————————

GABRIEL SANCHEZ, Appellant

V.

DRAKE EQUINOX LLC AND DRAKE SHANGRI-LA LLC D/B/A
THE DRAKE ON SUMMIT, Appellees

On Appeal from County Court at Law No. 1
Tarrant County, Texas
Trial Court No. 2025-005372-1

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Justice Birdwell

# MEMORANDUM OPINION

Gabriel Sanchez appeals from a forcible-detainer judgment awarding his former landlord[1] possession of leased premises, as well as back rent of $6,871.84 and attorney's fees. Sanchez contends that the justice court that initially heard the case lacked subject matter jurisdiction to hear the suit, thus depriving the county court at law of appellate jurisdiction.[2]

After the Appellees—Drake Equinox LLC and Drake Shangri-La LLC d/b/a The Drake on Summit—filed their suit in the Precinct Five justice court,[3] the presiding judge of that court recused himself and requested that the county judge assign the case to another court. The county judge appointed the justice of the peace for Precinct Four "to hear the matter," according to Texas Government Code Section 27.055. The Precinct Five justice court then transferred the case to the Precinct Four justice court, where the case was docketed under a new Precinct Four cause number. Sanchez argued in both the Precinct Four court and later on appeal in County Court at Law Number One that the Precinct Four justice court lacked subject matter jurisdiction, in addition to being a court of improper venue.

---

[1]Sanchez is no longer in possession of the premises.

[2]Sanchez's brief conflates jurisdiction and venue but does argue both and seeks a judgment from this court vacating both the justice court and county court judgments.

[3]Appellees concede that the Precinct Five justice court is "the Justice Court precinct in which the subject premises was located."

Justice courts are courts of limited jurisdiction. *Aracely Enters., LLC v. Sesatty Enters., LLC*, No. 13-24-00058-CV, 2025 WL 2166592, at \*2 (Tex. App.—Corpus Christi–Edinburg July 31, 2025, no pet.). Justice court jurisdiction in forcible-detainer actions is fixed by statute: "[A] justice court in the precinct in which the real property is located has jurisdiction in an eviction suit." Tex. Prop. Code § 24.004(a); *Byrd v. Bellis 5312 Land Tr.*, No. 02-24-00246-CV, 2025 WL 1600211, at \*3 (Tex. App.—Fort Worth June 5, 2025, no pet.); *see also* Tex. Civ. Prac. & Rem. Code § 15.084 (fixing venue of such a suit "in the precinct in which all or part of the premises is located"); Tex. R. Civ. P. 510.6(c) ("The petition must be filed in the precinct where the premises is located. If it is filed elsewhere, the judge must dismiss the case."). Although an appeal from the justice court to the county court in a forcible-detainer suit results in a de novo action,[4] "[t]he county court has no jurisdiction over a forcible detainer appeal unless the justice court" had jurisdiction over the suit, *Aracely Enters.*, 2025 WL 2166592, at \*2; *see Westwood Motorcars, LLC v. Virtuolotry, LLC*, 689 S.W.3d 879, 883 (Tex. 2024); *Rice v. Pinney*, 51 S.W.3d 705, 708 (Tex. App.—Dallas 2001, no pet.).

The Texas Government Code informs our jurisdictional review.

Section 27.055(b) provides that if "a justice is temporarily unable to perform official duties because of absence, recusal, illness, injury, or other disability, the county judge, . . . at the request of the justice of the peace, may appoint a qualified person to

---

[4] *See* Tex. R. Civ. P. 509.8(c).

serve as temporary justice for the duration of the absence of the justice of the peace from the bench." Tex. Gov't Code § 27.055(b). That qualified person may be a justice of the peace in another justice court precinct in the county. *Id.* When the county judge appoints another justice of the peace, "the commissioners court may authorize reimbursement for the mileage expenses incurred in performing [that justice's] official duties of the . . . appointment, notwithstanding Chapter 152, Local Government Code." *Id.* And such an appointee "has all the rights and powers of the justice of the peace while serving in that capacity but may not make personnel decisions about, or significant changes in, the justice of the peace's office." *Id.*; *see also* Tex. Gov't Code § 27.054 (providing that "[a] justice of the peace may hold court for any other justice in any county at the request of that justice" and that "[t]he justices of any county may exchange benches for a period not to exceed five days if they consider it expedient").

The plain language of Section 27.055(b) contemplates that the appointed judge will be assigned to sit in the recused judge's place; it does not contemplate or authorize a transfer of the case to the docket of a justice court in another precinct. *Cf. Blair v. State*, Nos. 02-23-00073-CR, 02-23-00074-CR, 2024 WL 123594, at *3–4 (Tex. App.—Fort Worth Jan. 11, 2024, no pet.) (mem. op., not designated for publication) (explaining how assigning a judge of another court to sit for a court's presiding judge differs from transferring the underlying case to another court, citing and quoting *In re Nash*, 13 S.W.3d 894, 897–98 (Tex. App.—Beaumont 2000, orig. proceeding)).

Neither does Texas Government Code Section 74.121 contemplate a transfer of the case to a justice court in another precinct:

> [t]he judges of . . . justice courts . . . in a county may transfer cases to and from the dockets of their respective courts, except that a case may not be transferred from one court to another without the consent of the judge of the court to which it is transferred *and may not be transferred unless it is within the jurisdiction of the court to which it is transferred.* The judges of those courts within a county may exchange benches and courtrooms with each other so that if one is absent, disabled, or disqualified, the other may hold court for him without the necessity of transferring the case. Either judge may hear all or any part of a case pending in court and may rule and enter orders on and continue, determine, or render judgment on all or any part of the case without the necessity of transferring it to his own docket. *A judge may not sit or act in a case unless it is within the jurisdiction of his court.*

Tex. Gov't Code § 74.121 (emphasis added); *see Miller v. Woods*, 872 S.W.2d 343, 346 (Tex. App.—Beaumont 1994, orig. proceeding) (noting that neither Section 74.121 nor Government Code Section 74.094—the district- and statutory-county-court counterpart to Section 27.054—confer subject matter jurisdiction on transferee courts).

Here, Appellees concede that the leased premises are located in the Precinct Five justice court's boundaries; nothing in the record indicates that any part of the premises is located in Precinct Four. Thus, we conclude that the Precinct Four justice court did not have subject matter jurisdiction over Appellees' forcible-detainer suit against Sanchez. *But cf. Tanner v. Axelrad*, 680 S.W.2d 851, 853 (Tex. App.—Houston [1st Dist.] 1984, writ dism'd) (concluding that justice court to which suit was

improperly transferred by justice court without jurisdiction nevertheless subsequently acquired jurisdiction when plaintiffs filed amended petition in transferee court).

Because neither the Precinct Four justice court nor County Court at Law Number One had subject matter jurisdiction over this forcible-detainer appeal, we reverse the County Court at Law's judgment and render judgment dismissing the suit. *See Aracely Enters.*, 2025 WL 2166592, at *5; *see also* Tex. R. App. P. 43.2(c).

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered:  July 23, 2026